IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND; and CHARLES A. WHOBREY, as Trustee, | ) ) ) ) ) ) ) ) | |
| | ) | Case No. 14-cv-5977 |
| *Plaintiffs-Judgment Creditors*, | ) ) | |
| v. | ) ) | Judge Manish S. Shah |
| MANN BROS., INC., a Wisconsin corporation; MANN BROS. TRUCKING, INC., a Wisconsin corporation; MANN VENTURES, LLC, a Wisconsin limited liability company; DLM EQUIPMENT, LLC, a Wisconsin limited liability company; DLM TRANSPORTATION, LLC, a Wisconsin limited liability company; MANN BROS. TOB, LLC, a Wisconsin limited liability company; and DAVID L. MANN, an individual, | ) ) ) ) ) ) ) ) ) ) ) ) ) | Magistrate Judge Jeffrey T. Gilbert |
| *Defendants-Judgment Debtors*. | ) ) ) | |

**PLAINTIFFS' MOTION TO REVIVE JUDGMENTS**

Plaintiffs Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") and Central States, Southeast and Southwest Areas Health and Welfare Fund (the "Health Fund" and together with the Pension Fund, the "Funds") respectfully move this Court for revival of the Judgments entered against Defendants, and in support thereof, state as follows:

1. The Funds filed this lawsuit against Defendants Mann Bros., Inc., Mann Bros. Trucking, Inc., Mann Ventures, LLC, DLM Equipment, LLC, DLM Transportation, LLC, Mann Bros. TOB, LLC, and David L. Mann seeking unpaid pension and health contributions (plus pre-judgment interest, damages, fees, and costs) owed to the Funds from Mann Bros., Inc., and seeking

unpaid withdrawal liability (plus pre-judgment interest, damages, fees, and costs) owed to the Pension Fund from all Defendants.

2. This Court entered a Judgment Order on October 28, 2014 (the "Judgments"), that awarded the following relief to Plaintiffs: (a) judgment against Defendant Mann Bros., Inc. and in favor of the Pension Fund in the total amount of $13,213.48 for the pension-related contributions claim, plus post-judgment interest; (b) judgment against Defendant Mann Bros, Inc. and in favor of the Health Fund in the total amount of $36,391.47 for the health-related contributions claim, plus post-judgment interest; (c) judgment against all Defendants, jointly and severally, and in favor of the Pension Fund in the total amount of $8,257,473.07 for the withdrawal liability claim, plus post-judgment interest. (*See* Dkt. 23.)

3. The Judgments remain unsatisfied.

4. Rule 69(a) of the Federal Rules of Civil Procedure directs that Illinois law controls the manner in which judgments entered by this Court are executed. Fed. R. Civ. P. 69(a). Under 735 ILCS 5/12-108(a), judgments may not be enforced beyond seven (7) years after the initial entry of judgment, unless revived as provided under 735 ILCS 5/2-1601 and in accordance with 735 ILCS 5/2-1602. *See* 735 ILCS 5/12-108(a). A judgment may be revived by filing a petition in the original case in which the judgment was entered and providing notice of the petition to interested parties. *See* 735 ILCS 5/2-1602(b) and (c).

5. Plaintiffs submit this Motion as the petition contemplated by Illinois law and further submit that all interested parties have been notified of this Motion according to 735 ILCS 5/12-108(a), 735 ILCS 5/2-1601, and 735 ILCS 5/2-1602(b) through (c), which requires that service must be completed in accordance with Illinois Supreme Court Rules 105 and 106. Plaintiffs have acted accordingly, as evidenced by the Certificate of Service attached hereto.

6. The Pension Fund has collected $2,682.65 to date toward its portion of the Judgments, and that amount has been applied to unpaid interest owed on the portion of the Judgments relating to withdrawal liability. The outstanding balance of the portion of the Judgments against Mann Bros., Inc. and in favor of the Pension Fund related to pension contributions is $20,764.21, which is equal to $13,213.48 in principal (*see* ¶ 2(a), above), plus $7,550.73 in post-judgment interest calculated through December 7, 2021. The outstanding balance of the portion of the Judgments against all Defendants, including Mann Bros, Inc., and in favor of the Pension Fund related to withdrawal liability is $12,636,142.25, which is equal to $8,257,473.07 in principal (*see* ¶ 2(c), above), plus $4,378,669.18 in post-judgment interest calculated through December 7, 2021.

7. The outstanding balance of the portion of the Judgments against Mann Bros., Inc. and in favor of the Health Fund related to health contributions is $57,182.38, which is equal to $36,391.47 in principal (*see* ¶ 2(b), above), plus $20,790.91 in post-judgment interest calculated through December 7, 2021.

8. Plaintiffs request that the Judgments be revived in accordance with 735 ILCS 5/2-1602 against all Defendants, and that the amounts reflect those described in paragraphs 6 and 7 above.

9. Along with this Motion, Plaintiffs submit a proposed Order Reviving Judgments, a copy of which will be submitted electronically to the Court's proposed order inbox.

10. Defendants have not filed an appearance in this case and are, as far as the Plaintiffs know, unrepresented.

-4-

**WHEREFORE**, Plaintiffs respectfully request that the Court enter an Order granting them revival of the Judgments entered against Defendants on October 28, 2014, in accordance with Rule 69(a) of the Federal Rules of Civil Procedure and 735 ILCS 5/2-1602, and granting such other relief that the Court deems proper and just.

    Respectfully submitted,

    */s/ Nathaniel G. Goodman*
    Nathaniel G. Goodman (#6339039)
    Central States Funds Law Department
    8647 West Higgins Road, 8th Floor
    Chicago, Illinois 60631
    (847) 582-5120
    ngoodman@centralstatesfunds.org

December 8, 2021     ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I, Nathaniel G. Goodman, one of the attorneys for the Plaintiffs, hereby certify that on or about December 8, 2021, I caused the foregoing *Plaintiffs' Motion to Revive Judgments* to be filed electronically. This filing was served on all parties indicated on the electronic filing receipt via the Court's electronic filing system. For those Defendants not listed, I served the Motion, including all exhibits thereto, in accordance with Illinois Supreme Court Rules 105 and 106, by mailing a copy of it via USPS First-Class mail, postage prepaid and return receipt requested, on or about December 7, 2021, from 8647 West Higgins Road, Chicago, IL, 60631, to the Defendants' last-known addresses:

| | | |
|---|---|---|
| Mann Bros., Inc.<br>c/o David L. Mann<br>1950 W. Wisconsin St., Ste. 8C<br>Elkhorn, WI 53121 | DLM Equipment, LLC<br>c/o David Lee Mann<br>1950 W. Wisconsin St.<br>P.O. Box 48<br>Elkhorn, WI 53121 | Mann Bros. TOB, LLC<br>c/o David L. Mann<br>1950 W. Wisconsin St.<br>P.O. Box 48<br>Elkhorn, WI 53121 |
| Mann Bros. Trucking, Inc.<br>1950 W. Wisconsin St.<br>Elkhorn, WI 53121 | DLM Transportation, LLC<br>c/o David L. Mann<br>1950 W. Wisconsin St.<br>P.O. Box 18<br>Elkhorn, WI 53121 | David L. Mann<br>W5244 County Road ES<br>Elkhorn, WI 53121 |
| Mann Ventures, LLC<br>c/o Robert E. Mann<br>1950 W. Wisconsin St.<br>P.O. Box 48<br>Elkhorn, WI 53121 | | |

                                              Respectfully submitted,

                                              */s/ Nathaniel G. Goodman*
                                              Nathaniel G. Goodman (#6339039)
                                              Central States Funds Law Department
                                              8647 West Higgins Road, 8th Floor
                                              Chicago, Illinois 60631
                                              (847) 582-5120
                                              ngoodman@centralstatesfunds.org

December 8, 2021                                                ATTORNEY FOR PLAINTIFFS